# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **CLARA JORDAN, on behalf of decedent CHARLES JORDAN, TERESA COOPER, on behalf of decedent GREGORY COOPER, and LINDA ANTHONY, on behalf of decedent ARTHUR ANTHONY** | |
| Plaintiffs, | **Removed from the State Court of Gwinnett County, State of Georgia No. 21-C-05240-S1** |
| v. | |
| **BECTON, DICKINSON AND COMPANY,** et al., | **Civil Action No. _____** |
| Defendants. | |

---

## DEFENDANT BECTON, DICKINSON AND COMPANY'S
## NOTICE OF REMOVAL

---

Lori G. Cohen
Sean P. Jessee
**GREENBERG TRAURIG, LLP**
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305

Libretta Stennes (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
90 South 7th Street, Suite 3500
Minneapolis, MN 55402

*Attorneys for Defendant Becton, Dickinson and Company*

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................1

FACTUAL BACKGROUND ...........................................................................2

    I.    PLAINTIFFS' ALLEGED INJURIES AND CAUSES OF ACTION.2

    II.    BD'S MEDICAL DEVICE STERILIZATION. ...................................4

VENUE AND JURISDICTION ......................................................................6

BASIS FOR REMOVAL..................................................................................7

    I.    THIS COURT HAS DIVERSITY JURISDICTION UNDER 28
        U.S.C. § 1332 (a)................................................................................7

        A.    There Is Complete Diversity of Citizenship Between Plaintiffs
             and Removing Defendant. ........................................................7

        B.    The Citizenship of the Warehouse Defendants Should Be
             Ignored Under the Doctrine of Fraudulent Joinder....................7

    II.    The Amount in Controversy Exceeds $75,000 ....................................9

ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED ......................11

    III.    This Notice of Removal Is Timely.....................................................11

    IV.    Consent to Removal ...........................................................................11

    V.    Notice of Removal to Plaintiffs..........................................................12

    VI.    State Court File...................................................................................13

CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. Janssen Pharmaceutica, Inc.*,
536 F.3d 1202 (11th Cir. 2008) .......................................................................12

*Cabalceta v. Standard Fruit Co.*,
883 F.2d 1553 (11th Cir. 1989) .........................................................................7

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
902 F.3d 147 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) ...........................11

*Francis v. Great W. Cas. Co.*,
No. 5:17-CV-432 (MTT), 2018 U.S. Dist. LEXIS 27395 (M.D. Ga.
Feb. 21, 2018) .................................................................................................11

*George v. Hercules Real Estate Servs.*,
848, 795 S.E.2d 81 (2016) ................................................................................9

*Henderson v. Sun Pharm. Indus.*,
809 F. Supp. 2d 1373 (N.D. Ga. 2011) ..............................................................5

*Hoffman v. AC&S, Inc.*,
548 S.E.2d 379 (Ga. App. 2001) .......................................................................9

*Howard Motor Co. v. Swint*,
448 S.E.2d 713 (Ga. App. 1994) .......................................................................3

*Howell Gas of Athens v. Coile*,
146 S.E.2d 145 (Ga. Ct. App. 1965)...................................................................8

*Johnson v. Wellborn*,
418 F. App'x 809 (11th Cir. 2011)....................................................................12

*Legg v. Wyeth*,
428 F.3d 1317 (11th Cir. 2005) .........................................................................5

*Lewis v. Axens N. Am., Inc.*,
  No. 4:14-cv-27, 2014 U.S. Dist. LEXIS 146790 (S.D. Ga. Oct. 15,
  2014) ........................................................................................................8

*Lincoln Elec. Co. v. Gaither*,
  649 S.E.2d 823 (Ga. App. 2007) ...........................................................3

*Manley v. Ford Motor Co.*,
  17 F. Supp. 3d 1375 (N.D. Ga. 2014)......................................................9

*Roe v. Michelin N. Am., Inc.*,
  613 F.3d 1058 (11th Cir. 2010) ...........................................................10

*Smedley v. Ocwen Loan Servicing, LLC*,
  No. 117CV03475TWTAJB, 2018 WL 3910849 (N.D. Ga. July 23,
  2018) ........................................................................................................6

*Tapscott v. MS Dealer Serv. Corp.*,
  77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by*
  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ...............3

**Statutes**

28 U.S.C. § 90 ................................................................................................6

28 U.S.C. § 1391 ...........................................................................................6

28 U.S.C. § 1332 ...........................................................................1, 6, 7, 10, 11

28 U.S.C. § 1441 ...............................................................................1, 6, 11

28 U.S.C. § 1446 ...................................................................................*passim*

O.C.G.A. § 44-7-14 .......................................................................................8

**Rules**

Fed. R. Civ. P. 6(a)(1) .................................................................................11

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Becton, Dickinson and Company ("BD"), by its undersigned attorneys, hereby removes this action, captioned *Clara Jordan, et al. v. Becton, Dickinson and Company, et al.*, Case No. 21-C-05240-S1, from the State Court of Gwinnett County, State of Georgia to the United States District Court for the Northern District of Georgia.

As grounds for removal, BD states as follows:

## <u>INTRODUCTION</u>

1.      Plaintiffs' claims in this case allegedly relate to exposure to emissions of ethylene oxide ("EtO"), a chemical used to sterilize medical devices at BD's facility in Covington, Georgia (the "Covington Facility").  In addition to suing BD, Plaintiffs also asserted claims against two Georgia limited liability companies that owned a warehouse separate from the Covington Facility where sterilized medical devices were stored for only seven months beginning in June 2019—exclusively *after* all alleged EtO exposure ended.

2.      Although Plaintiffs' theory of liability—which BD expressly and unequivocally denies—arguably may state a plausible claim against BD, Plaintiffs' claims against the two Georgia limited liability companies are without any basis in law or fact.

3.      Plaintiffs' inclusion of the two Georgia limited liability companies should be recognized for what it is: *fraudulent joinder*.  For that reason, and for the reasons explained more fully below, federal jurisdiction exists in this case and removal is proper.

## FACTUAL BACKGROUND

4.      Plaintiffs filed their Complaint and Demand for Jury Trial (the "Complaint") on July 19, 2021 in the State Court of Gwinnett County, State of Georgia ("State Court") against BD, Wheat 9120, LLC and Wheat 9120 GP, LLC (collectively, the "Warehouse Defendants").  (*See generally,* Compl*.,* attached hereto as **Exhibit A**).

5.      Plaintiffs allege that they are citizens of the State of Georgia.  (*Id.* ¶ 7),

6.      Plaintiffs concede that BD is incorporated in the State of New Jersey and allege that the Warehouse Defendants are organized and existing under the laws of Georgia.  (*Id.* ¶¶ 8-10).

7.      Neither BD, nor the Warehouse Defendants have been properly served.

## I.      PLAINTIFFS' ALLEGED INJURIES AND CAUSES OF ACTION.

8.      Plaintiffs' Complaint is brought on behalf of three unrelated decedents: Charles Jordan ("Jordan"), Gregory Cooper ("Cooper"), and Arthur Anthony

("Anthony") (collectively, "Decedents").[1]  (**Ex. A**, Compl. ¶¶ 67-80).    Plaintiffs allege that BD sterilizes medical equipment using EtO at the Covington Facility.  (*Id.* ¶ 1).  Plaintiffs further allege that BD utilized a warehouse located at 9120 Wheat Street in Covington, Georgia (the "Warehouse"), owned and operated by the Warehouse Defendants, to store EtO-sterilized products.  (*Id.* ¶ 65).

9.     Each Decedent alleges to have been exposed to EtO from the Covington Facility and Warehouse during different periods of time, which purportedly caused their respective injuries.  Specifically, the Complaint alleges that:

---

[1]     As set forth in BD's contemporaneously filed Motion to Sever, BD moves to sever these three distinct claims improperly joined by Plaintiffs.

To the extent some but not all of the Decedents' claims survive the fraudulent joinder analysis, this Court still has diversity jurisdiction as to the other claims under the doctrine of fraudulent misjoinder. *See e.g. Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (affirming federal jurisdiction and finding diversity of citizenship was not defeated by fraudulent joinder; "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."); *see also Howard Motor Co. v. Swint*, 448 S.E.2d 713, 714 (Ga. App. 1994) (even where all the essential physical conditions on two occasions are identical, that may not even be enough to satisfy the permissive joinder statute); *Lincoln Elec. Co. v. Gaither*, 649 S.E.2d 823, 825 (Ga. App. 2007) ("Given that the plaintiffs' claims arose from different exposure to different fumes on different dates, we fail to see how this can be considered the same occurrence or transaction or series of transactions or occurrences for purposes of joinder.").

- Jordan was exposed to EtO emissions "[b]etween 1970 and 2017," "was diagnosed with brain cancer and lung cancer in February 2017 and passed away in December 2017" (*id.* ¶¶ 68-70);

- Cooper was exposed to EtO emissions "between 2006 and 2018," "was diagnosed with pancreatic cancer on August 8, 2019 and subsequently passed away in June 2020" (*id.* ¶¶ 72, 74); and

- Anthony was exposed to EtO emissions "between 1991 and 2015," "was diagnosed with pancreatic cancer in 2013 and passed away in 2015." (*id.* ¶¶ 76, 79).

10.     Plaintiffs allege four counts against all defendants, including negligence (Count I), willful and wanton misconduct (Count II), private nuisance (Count III) and ultrahazardous activity/strict liability (Count IV). (*Id.* ¶¶ 81-111).

11.     Plaintiffs seek compensatory damages, punitive damages, and attorneys' fees and expenses.  (*Id.* at 23-24).

## II.     BD'S MEDICAL DEVICE STERILIZATION.

12.     BD's sterilization of medical equipment at the Covington Facility is critical to the healthcare system in Georgia and the United States.  The U.S. Food and Drug Administration ("FDA") recognizes EtO sterilization of medical devices as an important, established, and widely-used sterilization method with "a long

history of safe and effective use" by manufacturers to keep medical devices safe.[2] In fact, "[f]or many medical devices, sterilization with [EtO] may be the only method that effectively sterilizes and does not damage the device."[3]

13.     For approximately seven months beginning in June 2019 and ending in December 2019, BD utilized the Warehouse for the storage of medical products. (*See* Edwards Sept. 9, 2021 Dec. ¶ 4, attached hereto as **Exhibit B**).[4]

14.     Moreover, public records indicate that 9120 Wheat, LLC did not acquire the Warehouse until April 23, 2019; and indicate Wheat 9120 GP, LLC has

---

[2]     *See* FDA Website, *Ethylene Oxide Sterilization for Medical Devices* ("FDA Website"),        https://www.fda.gov/medical-devices/general-hospital-devices-and-supplies/ethylene-oxide-sterilization-medical-devices#epa, at 1 (last visited Sept. 6, 2020); *see also* FDA Guidance, *Submission and Review of Sterility Information in Premarket Notification (510(k)) Submissions for Devices labeled as Sterile* (Jan. 21, 2016)        ("FDA        Guidance"),        at        3,        *available        at* https://www.fda.gov/media/74445/download (last visited Sept. 3, 2020. The Court is permitted to take judicial notice of documents made publicly available by a government entity. *Henderson v. Sun Pharm. Indus.*, 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011).

[3]     FDA Website, *supra* n. 2.

[4]     This Court may consider affidavits and declarations in determining whether a resident defendant has been fraudulently joined. *See Legg v. Wyet*h, 428 F.3d 1317, 1323 (11th Cir. 2005) (finding that the district court abused its discretion by ignoring undisputed affidavits when deciding remand on the basis of fraudulent joinder).

never owned the Warehouse.   (*See* Newton County Public Record, attached hereto as **Exhibit C**).[5]

15.     As noted in ¶ 9 above, each of the Decedents named in this action allege periods of EtO exposure that predate BD's utilization of the Warehouse for the storage of medical products.

## VENUE AND JURISDICTION

16.     Removal to this Court is proper under 28 U.S.C. §§ 90, 1391, 1441(a), and 1446(a) because the State Court where the Complaint was filed, is within this district and division.

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and BD, the only properly joined defendant, and all other requirements for removal are satisfied.

---

[5]     "The Court may also take judicial notice of public records, such as real estate records and court filings." *Smedley v. Ocwen Loan Servicing, LLC*, No. 117CV03475TWTAJB, 2018 WL 3910849, at *2 (N.D. Ga. July 23, 2018), report and recommendation adopted, No. 1:17-CV-3475-TWT, 2018 WL 3872779 (N.D. Ga. Aug. 15, 2018).

## BASIS FOR REMOVAL

I.  **THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (a).**

A.  **There Is Complete Diversity of Citizenship Between Plaintiffs and Removing Defendant.**

18.  There is complete diversity of citizenship for purposes of federal jurisdiction.  Plaintiffs are citizens of the State of Georgia.  (Compl. ¶ 7).  BD is incorporated in the State of New Jersey.  (*Id*. ¶ 8).  There is thus complete diversity between Plaintiffs and the only properly joined defendant, BD.

B.  **The Citizenship of the Warehouse Defendants Should Be Ignored Under the Doctrine of Fraudulent Joinder.**

19.  Joinder of a non-diverse party is fraudulent, and thus does not defeat diversity jurisdiction, where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  Here, there is no possibility that Plaintiffs can prove a cause of action against the Warehouse Defendants.

20.  All of Plaintiffs' claims against the Warehouse Defendants arise from the sole allegation that they "own and operate" the Warehouse where BD stored sterilized medical products.  (*See* Compl. ¶¶ 9-10, 65-66).  The Complaint does not otherwise allege any independent conduct as to the Warehouse Defendants.  (*See id.*).  Plaintiffs have no possibility of success on any claim against the Warehouse

7

Defendants because BD did not use the Warehouse until after Decedents' alleged EtO exposure ended and thus any purported emissions of EtO from the Warehouse could not have caused or contributed to Plaintiffs' alleged injuries.[6]

21.    As a preliminary matter, Wheat 9120, LLC did not acquire the Warehouse until April 2019 and Wheat 8120 GP, LLC has never owned the Warehouse. (**Ex. C**, Newton County Public Record). More critically, though, BD's use of the Warehouse did not begin until June 2019. (**Ex. B**, Edwards Dec. ¶ 4).

22.    Plaintiffs allege that Anthony, Jordan, and Cooper's exposure to EtO ended in 2015, 2017, and 2018 respectively. (**Ex. A**, Compl. ¶¶ 76, 68, 72). Moreover, the Complaint indicates that Anthony passed away in 2015 and Jordan passed away in 2017. (*Id.* ¶¶ 70, 79).

23.    Of course, the claims against the Warehouse Defendants sounding in negligence, nuisance, and strict liability all require Plaintiffs to set forth sufficient

---

[6]    To the extent the Warehouse Defendants' liability is not barred by the grounds set forth herein, Plaintiffs still have no possibility of success under O.C.G.A. § 44-7-14 and because their Complaint additionally fails to plead the essential elements of any claim against them. *See e.g. Lewis v. Axens N. Am., Inc.*, No. 4:14-cv-27, 2014 U.S. Dist. LEXIS 146790, at *7 (S.D. Ga. Oct. 15, 2014) (finding that "just as a landlord cannot be responsible for the negligent acts of a tenant" owner of property on which co-defendant operated a plant owed no duty to plaintiff); *Howell Gas of Athens v. Coile*, 146 S.E.2d 145, 150 (Ga. Ct. App. 1965) ("A landlord who has leased premises to a tenant is not liable for a nuisance maintained upon the premises, by the tenant, during the lease.").

allegations that the Warehouse Defendants acted in some way to cause their alleged injuries. *See, e.g., Hoffman v. AC&S, Inc.*, 548 S.E.2d 379, 382 (Ga. App. 2001) (proximate cause is a necessary element whether proceeding under a strict liability or negligence theory); *George v. Hercules Real Estate Servs.*, 848, 795 S.E.2d 81, 87 (2016) ("Proximate cause is also an essential element in a nuisance claim.").

24.     There is simply no set of provable facts that could conceivably establish that the Warehouse Defendants caused or contributed to Plaintiffs' alleged injuries where BD's use of the Warehouse entirely post-dates Decedents' alleged EtO exposure. *See e.g. Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1384 (N.D. Ga. 2014) (denying remand where there was no "set of provable facts that might establish proximate cause").

25.     The citizenship of the Warehouse Defendants should be disregarded under the doctrine of fraudulent joinder because Plaintiffs cannot allege claims with any possibility of success against them.

## II.     The Amount in Controversy Exceeds $75,000

26.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint that

the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

27.    When a plaintiff's complaint does not allege a specific amount of damages, it may be facially apparent from the complaint itself "that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages" and a court may independently appraise the value of the pleaded claims based on its judicial experience and common sense.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted).

28.    It is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs claim that the three Decedents developed cancer and seek a variety of damages and fees.  (*See generally,* **Ex. A**, Compl.).

29.    Although BD strongly disputes that Plaintiffs are entitled to any damages, the amount-in-controversy requirement is met here because the nature of the injuries alleged in the Complaint makes it facially apparent that the amount in controversy exceeds $75,000.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

**III.     This Notice of Removal Is Timely**

30.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed before service has been effectuated on any defendant. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).[7]

31.    Additionally, removal is proper because the Warehouse Defendants have not been "properly joined and served" at the time of this filing and the forum defendant rule of 28 U.S.C. § 1441(b) is inapplicable.

**IV.     Consent to Removal**

32.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined *and* served must consent to removal.

---

[7]     At the time of removal, as long as no forum defendant has been "properly joined and served," a defendant may remove. *Francis v. Great W. Cas. Co.*, No. 5:17-CV-432 (MTT), 2018 U.S. Dist. LEXIS 27395, at *5 (M.D. Ga. Feb. 21, 2018) (finding that the plain language of § 1441(b)(2) "states that removal is improper only when a resident defendant has been joined and served at the time of removal") (emphasis in original). Here, Plaintiffs failed to serve either Warehouse Defendant prior to BD's filing of this notice of removal. Applying the plain language interpretation of § 1441(b)(2) removal is proper. *See e.g., Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (finding that plaintiff availed itself of the plain meaning of the statute by failing to effectuate service on a forum defendant before removal).

33.     Consent to removal is not required because no defendant has been properly served and the Warehouse Defendants are not properly joined. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined *and served* must join in or consent to the removal of the action") (emphasis added); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."); *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served").

## V.     Notice of Removal to Plaintiffs

34.     Pursuant to 28 U.S.C. § 1446(d), upon filing the Notice of Removal, BD will furnish written notice to Plaintiffs' counsel, and will file a copy of this Notice with the Clerk of the State Court of Gwinnett County, State of Georgia.

## VI.     State Court File

35.     Pursuant to 28 U.S.C. § 1446(a), a copy of all documents filed in the state court action, including all process, pleadings, and orders (other than the Complaint), is attached hereto as **Exhibit D**.

36.     By filing this Notice of Removal, BD does not waive any defenses that may be available to it or its employees, and expressly reserves all such defenses.

## <u>CONCLUSION</u>

**WHEREFORE**, Defendant Becton, Dickinson and Company hereby removes this action from the State Court of Gwinnett County, State of Georgia to the United States District Court for the Northern District of Georgia.

Respectfully Submitted,

Dated: September 10, 2021

By: */s/ Lori G. Cohen*

Lori G. Cohen
Georgia Bar No. 174455
Sean P. Jessee
Georgia Bar No. 940342
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Tel: (678) 553-2100
Fax: (678) 553-2212

Libretta Stennes
(*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**

90 South 7th Street, Suite 3500
Minneapolis, MN 55402

*Attorneys for Defendant*
*Becton, Dickinson and Company*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

*/s/ Lori G. Cohen*
Lori G. Cohen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of September 2021, the foregoing Notice of Removal was filed electronically with the Clerk of Court using CM/ECF.  I also certify that a copy of the foregoing is being served upon the following by United States mail, postage prepaid and email:

Charles C. Bailey
Sutton Connelly
**Cook & Connelly, LLC**
750 Piedmont Ave. NE
Atlanta, GA 30308

Benjamin H. Richman
Michael Ovca
**Edelson PC**
350 North LaSalle, 14th Floor
Chicago, IL 60654

*Attorneys for Plaintiffs*

Kindu A. Walker
WalkerK@LitchfieldCavo.com
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle, Suite 170
Atlanta, GA 30339

*Attorney for Defendants Wheat 9120 GP, LLC and Wheat 9120, LLC*

DATED:      September 10, 2021                    */s/ Lori G. Cohen*