# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CLARA JORDAN, on behalf of decedent CHARLES JORDAN, TERESA COOPER, on behalf of decedent GREGORY COOPER, and LINDA ANTHONY, on behalf of decedent ARTHUR ANTHONY**<br><br>Plaintiffs,<br><br>v.<br><br>**BECTON, DICKINSON AND COMPANY,** et al.,<br><br>Defendants. | Removed from the State Court of Gwinnett County, State of Georgia No. 21-C-05240-S1<br><br>Civil Action No. _____ |

## DEFENDANT BECTON, DICKINSON AND COMPANY'S MOTION TO SEVER

Lori G. Cohen
Sean P. Jessee
**GREENBERG TRAURIG, LLP**
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305

Libretta Stennes (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
90 South 7th Street, Suite 3500
Minneapolis, MN 55402

*Attorneys for Defendant Becton, Dickinson and Company*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND .............................................2

LEGAL STANDARD..............................................................................................4

ARGUMENT AND CITATION OF AUTHORITY ................................................5

    I.    PLAINTIFFS' CLAIMS DO NOT SATISFY EITHER REQUIREMENT FOR PERMISSIVE JOINDER. .............................5

    II.    PLAINTIFFS' CLAIMS ARE DISCRETE AND SEPARATE. ..........8

    III.    PERMITTING JOINDER WOULD CAUSE UNFAIR PREJUDICE. ...................................................................................................12

CONCLUSION......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addis v. Barnett Outdoors, LLC*,
   No. 8:16-cv-1424-T-30TBM, 2016 U.S. Dist. LEXIS 103962
   (M.D. Fla. Aug. 8, 2016) ..........................................................................................8

*Chapman v. P&G Distrib., LLC*,
   766 F.3d 1296 (11th Cir. 2014) ..............................................................................10

*Edwards-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*,
   No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594
   (M.D. Fla. June 21, 2013) ................................................................................*passim*

*Grayson v. K-Mart Corp.*,
   849 F. Supp. 785 (N.D. Ga. 1994) ......................................................................7, 12

*McClain v. Metabolife Int'l, Inc.*,
   401 F.3d 1233 (11th Cir. 2005) ...........................................................................9, 10

*In re Prempro Prods. Liab. Litig.*,
   417 F. Supp. 2d 1058 (E.D. Ark. 2006) ...................................................................9

*In re Rezulin Prods. Liab. Litig.*,
   168 F. Supp. 2d 136 (S.D.N.Y. 2001) ...........................................................6, 9, 11

*Smith v. Sw. Energy Co.*,
   No. 4:12-CV-00423-BRW, 2012 U.S. Dist. LEXIS 194888 (E.D.
   Ark. Oct. 12, 2012) ..................................................................................................7

*Spinnaker Int'l L.L.C. v. Greenfence, LLC*,
   No. 1:17-CV-2749-TWT, 2017 U.S. Dist. LEXIS 197519 (N.D.
   Ga. Nov. 30, 2017) ...............................................................................................5, 8

*Williams v. Mosaic Fertilizer, LLC*,
   889 F.3d 1239 (11th Cir. 2018) ..............................................................................11

**Other Authorities**

Fed. Rules Civ. Proc. R. 20 ........ *passim*

Fed. Rules Civ. Proc. R. 21 ........ *passim*

Rule 42(b) ........ 12, 13

Defendant Becton, Dickinson and Company ("BD"), pursuant to Federal Rule of Civil Procedure 21, files this Motion to Sever the three distinct claims improperly joined by Plaintiffs.

In support thereof, BD states as follows:

## INTRODUCTION

This action is brought by three unrelated Plaintiffs on behalf of three unrelated Decedents. Plaintiffs' claim that the Decedents were exposed to emissions of ethylene oxide ("EtO"), a chemical used to sterilize medical devices at BD's facility in Covington, Georgia (the "Covington Facility"). Although Plaintiffs' allegations might appear similar, under appropriate scrutiny their claims lack the necessary commonality for joinder. Plaintiffs do not allege that Decedents were exposed to EtO for the same or even similar durations or during the same time periods. The nature of Decedents' purported EtO exposure is different, their alleged injuries are different, and their underlying medical conditions are different. These individualized operative facts render joinder improper under both Federal Rules of Civil Procedure 20 and 21. Stated simply, alleging a common source of EtO exposure is not enough to satisfy the requirements of permissive joinder under Rule 20, and the unique facts as to each Decedent render their claims separate and discrete and thus require severance under Rule 21.

Even if joinder were proper, it would be fundamentally unfair and highly prejudicial for Plaintiffs' claims to proceed together given that the unique circumstances of each Decedents' respective EtO exposure are mutually exclusive.

Accordingly, as set forth fully herein, the Court should exercise its broad discretion to sever Plaintiffs' three distinct claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint and Demand for Jury Trial (the "Complaint") on July 19, 2021 in the State Court of Gwinnett County, State of Georgia. BD removed the action to the United States District Court for the Northern District of Georgia on September 10, 2021 [ECF No. 1, Notice of Removal][1] and contemporaneously filed this Motion to Sever.

Plaintiffs' Complaint is brought on behalf of three unrelated decedents: Charles Jordan ("Jordan"), Gregory Cooper ("Cooper"), and Arthur Anthony ("Anthony") (collectively, "Decedents"). (ECF No. 1-1, Compl. ¶¶ 67-80). Plaintiffs allege that each Decedent was exposed to EtO from the Covington Facility during different periods of time and at different distances from the facility, which

---

[1] As set forth in BD's Notice of Removal, because Plaintiffs have no possibility of success against the two named Georgia limited liability companies, there is complete diversity of citizenship for purposes of federal jurisdiction under the doctrine of fraudulent joinder. [ECF No. 1, Notice of Removal].

2

purportedly caused their respective injuries.[2]  Specifically, the Complaint alleges myriad different facts concerning all three Decedents:

- Jordan "lived less than half a mile from [the Covington Facility]," was exposed to EtO emissions "[b]etween 1970 and 2017," "was diagnosed with brain cancer and lung cancer in February 2017 and passed away in December 2017" (*id.* ¶¶ 68-70);

- Cooper "worked 1.4 miles from [the Covington Facility]," was exposed to EtO emissions "between 2006 and 2018," "was diagnosed with pancreatic cancer on August 8, 2019 and subsequently passed away in June 2020" (*id.* ¶¶ 72, 74); and

- Anthony "lived less than 5 miles from [the Covington Facility]," was exposed to EtO emissions "between 1991 and 2015," "was diagnosed with pancreatic cancer in 2013 and passed away in 2015." (*id.* ¶¶ 76, 79).

---

[2]   BD denies that it is liable to Plaintiffs under any theory, and denies that EtO, BD or any act or omission by BD caused or contributed to Plaintiffs' alleged injury in any way.

Other than alleging a common source of EtO exposure (*i.e.* the Covington Facility), Plaintiffs do not (and cannot) allege any basis for the joinder of their claims in this action.[3]

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, joinder of multiple plaintiffs in one action is permissible only where "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. Rules Civ. Proc. R. 20(a). "To arise from the same transaction, occurrence, or series of transactions or occurrences, claims must be 'logically related.'" *Edwards-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*, No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594, at *2 (M.D. Fla. June 21, 2013).

However, even where Rule 20(a) requirements are met, severance under Rule 21 is warranted. *See id.* at *5 ("Even if there was a logical relationship between the

---

[3] Indeed, Plaintiffs' Counsel has already filed two nearly identical separate lawsuits against BD in this Court concerning alleged EtO exposure from the Covington Facility without misjoining any plaintiffs. *See Teresa Fuller v. Becton, Dickinson and Company*, Case No. 1:20-cv-03960-JPB, ECF No. 1 (N.D. Ga. Sept. 24, 2020); *Roosevelt Rose, Jr. v. Becton, Dickinson and Company*, Case No. 1:20-cv-03961-SDG, ECF No. 1 (N.D. Ga. Sept. 24, 2020).

4

claims, severance would be appropriate under Rule 21"). Rule 21 of the Federal Rules of Civil Procedure provides that a court may "sever any claim against a party." More specifically, "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Spinnaker Int'l L.L.C. v. Greenfence, LLC*, No. 1:17-CV-2749-TWT, 2017 U.S. Dist. LEXIS 197519, at *3 (N.D. Ga. Nov. 30, 2017) (internal citations omitted). Claims are discrete and separate if one is "capable of resolution despite the outcome of the other claim." *Id.* Moreover, "[a] district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Edwards-Bennett*, No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594, at *5.

Here, despite being named in the same action, Plaintiffs' claims as to each Decedent can be, should be, and will be resolved irrespectively of one another and severance is appropriate.

## ARGUMENT AND CITATION OF AUTHORITY

I. **PLAINTIFFS' CLAIMS DO NOT SATISFY EITHER REQUIREMENT FOR PERMISSIVE JOINDER.**

Multiple plaintiffs are misjoined where they fail to satisfy the conditions for permissive joinder under Rule 20(a)(1). Rule 20(a)(1) dictates two independent

5

requirements for permissive joinder: a right to relief arising from a single transaction or occurrence or series of occurrences **and** a common question of law or fact. *See* Fed. Rules Civ. Proc. R. 20(a)(1). Plaintiffs must satisfy both prerequisites.

As a preliminary matter, Plaintiffs' fail to allege any basis for joinder. Rather, the Complaint simply includes subheadings of "Facts Specific To" each Decedent among otherwise generic allegations as to BD. (ECF No. 1-1, Compl. ¶¶ 67-80). Further, while the Complaint alleges exposure of EtO from emissions from the Covington Facility, that is not enough to satisfy the requirements for permissive joinder under Rule 20(a). Instead, where "the central facts of each plaintiff's claim arise on a somewhat individualized basis out of the same set of circumstances" joinder is improper. *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001) (internal citations omitted).

When determining whether the relief sought by Plaintiffs arose from the same transaction or occurrence, "[t]he test for joinder is not whether there are similar issues of liability, but whether the claims share *operative facts*." *Edwards-Bennett*, No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594, at *4 (emphasis in original). Here, the operative facts as to each Decedent are individualized and distinct, and thus do not arise from the same transaction or occurrence. The Decedents were not exposed to EtO for similar durations or during the same time

periods. Jordan alleges exposure for 47 years (between 1970 and 2017), Anthony alleges exposure for 24 years (between 1991 and 2015), and Cooper alleges exposure for 12 years (between 2006 and 2018). (ECF No. 1-1, Compl. ¶¶ 68-70, 72, 74, 76, 79). Nor do Plaintiffs allege that Decedents were exposed to EtO at the same distance from the Covington Facility. Jordan alleges exposure half a mile away, Anthony five miles away, and Cooper 1.4 miles away. (*Id.*). Further, unlike Jordan and Anthony who allege to have lived nearby the Covington Facility, Cooper's alleged exposure purportedly resulted from working near the Covington Facility. (*Id.*).

The nature and duration of each Decedents' EtO exposure are distinct and Plaintiffs fail to satisfy the same transaction or occurrence requirement for permissive joinder under Rule 20(a)(1). *See Smith v. Sw. Energy Co.*, No. 4:12-CV-00423-BRW, 2012 U.S. Dist. LEXIS 194888, at *3 (E.D. Ark. Oct. 12, 2012) ("While all Plaintiffs' claims are based on alleged noise, vibration, and emissions, the claims do not arise out of one transaction or occurrence.").

Nor do Plaintiffs' claims share a common question of law or fact within the meaning of Rule 20(a)(1). *See Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994) ("It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient."

(internal citations omitted)). "Severance is proper where both plaintiffs rely on the same legal theories but the facts that pertain to the claim of each are quite different." *Edwards-Bennett*, No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594, at *4 (internal citations omitted). As detailed above, each Decedents' alleged EtO exposure are distinct and thus lack common questions of fact or law, the second element required by Rule 20(a).

Plaintiffs claims are improperly joined, and severance is appropriate.

**II.     PLAINTIFFS' CLAIMS ARE DISCRETE AND SEPARATE.**

Even if joinder is permissible under Rule 20(a)(1), severance is appropriate under Rule 21 given that Plaintiffs' claims as to each Decedent are separate, discrete and capable of resolution irrespectively of one another. *See Spinnaker Int'l L.L.C.*, 2017 U.S. Dist. LEXIS 197519, at *3.

While Plaintiffs' claims arise from their allegations that the Decedents were exposed to EtO emissions from the Covington Facility, as set forth above, the nature and duration of alleged exposure are distinct. These dissimilarities are critical to the resolution of Plaintiffs' respective claims. *See e.g. Addis v. Barnett Outdoors, LLC*, No. 8:16-cv-1424-T-30TBM, 2016 U.S. Dist. LEXIS 103962, at *3 (M.D. Fla. Aug. 8, 2016) (multi-plaintiff joinder is generally inappropriate where the "cases involve highly individualized facts and liability, causation, and damages will be different

with each individual plaintiff." (internal citations omitted)); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146 (distinguishing claims arising from "an identical product defect" from "toxic tort cases [which] raise more complicated issues of causation and exposure").

Here, Plaintiffs allege that Decedents suffered different injuries. *See In re Prempro Prods. Liab. Litig.*, 417 F. Supp. 2d 1058, 1060 (E.D. Ark. 2006) (finding misjoinder where "[t]he only thing common among Plaintiffs is that they took an HRT drug" and among other variables "suffered different injuries.").[4] The Complaint asserts that Jordan's alleged EtO exposure caused him to develop "brain and lung cancer" while Cooper and Anthony are alleged to have developed "pancreatic cancer." (ECF No. 1-1, Compl. ¶¶ 68-70, 72, 74, 76, 79).

Regardless, however, of whether Plaintiffs allege a common injury, Plaintiffs bring toxic tort claims and thus must prove: (1) whether EtO can cause the harm(s) alleged; (2) whether Decedent(s) were exposed to EtO; (3) whether Decedent(s) were exposed to enough EtO to cause the alleged injury(ies); and (4) whether EtO did in fact cause Decedent(s) alleged injury(ies). *See McClain v. Metabolife Int'l,*

---

[4]     *See also In re Prempro Prods. Liab. Litig.*, 417 F. Supp. 2d at fn. 6 ("Plaintiffs assert that they allege the same injury -- breast cancer. However, not even that is the same, since Plaintiffs have alleged numerous types of breast cancer -- lobular, ductal, mixed lobular-ductal, in-situ carcinoma, etc.").

*Inc.*, 401 F.3d 1233, 1238-1239 (11th Cir. 2005). These inquiries require the application of certain *plaintiff-specific* scientific principles such as dose-response and differential diagnoses. *See e.g. Chapman v. P&G Distrib., LLC*, 766 F.3d 1296, 1307-1309 (11th Cir. 2014) (emphasizing that "[dose-response] is the single most important factor to consider in evaluating whether an alleged exposure caused a specific adverse effect" and "[d]ifferential diagnosis includes three steps: (1) the patient's condition is diagnosed, (2) all potential causes of the ailment are considered, and (3) differential etiology is determined by systematically eliminating the possible causes").

As explained above, Decedents were allegedly exposed to EtO for different durations and over different time periods. Thus, as a threshold matter, allegations as to BD's conduct will require evaluation of the Covington Facility's emissions and the applicable regulatory and industry standards in place during the timeframe relevant to each Decedents' alleged exposure. These inquiries are *Decedent-specific*.

Plaintiffs also must demonstrate that the Decedents were exposed to EtO from the Covington Facility and whether they were exposed to enough EtO to cause their alleged injuries, in addition to consideration of each Decedents' potential alternative sources of EtO exposure. *See McClain*, 401 F.3d at 1238-1239. The dose or level

of alleged EtO exposure will be different for *each* Decedent. *See e.g.*, *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1246 (11th Cir. 2018) (explaining that the hallmark of basic toxicology is a dose-response assessment which "the dose or level of exposure at which [the substance at issue] causes harm.") Similarly, a host of other individualized factors—such as genetic predisposition or lifestyle risk factors—must be considered with respect to each individual Decedent.

Put simply, Decedents' nature, dose and duration of EtO exposure are different, their alleged injuries are different, and their underlying medical conditions are different. *See e.g. In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146 (finding misjoinder where plaintiffs' "allege a defect (or defects) the precise contours of which are unknown and which may have caused different results -- not merely different injuries -- in patients depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff").

Despite being named in the same action, Plaintiffs' claims as to Jordan, Cooper, and Anthony can be, should be, and will be resolved irrespectively of one another and severance is appropriate.

### III.     PERMITTING JOINDER WOULD CAUSE UNFAIR PREJUDICE.

Even if joinder is proper and appropriate, it would be highly prejudicial to BD if all Plaintiffs' claims were presented to one jury. As detailed above, other than alleging exposure to EtO emissions from the Covington Facility, Plaintiffs' claims arise from each Decedents' entirely different circumstances. The Decedents were allegedly exposed to EtO during different periods of time, at different locations, and for different durations Decedents' alleged injuries and underlying medical conditions are different.

"It would be fundamentally unfair and prejudicial to Defendant to try Plaintiffs' claims together where the sets of facts undergirding each claim are mutually exclusive." *See Edwards-Bennett*, No. 8:13-cv-00853-T-27TGW, 2013 U.S. Dist. LEXIS 87594, at *8. Indeed, where each plaintiff must prove liability on the part of the defendant, "[t]here is a ***tremendous danger*** that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims." *Grayson*, 849 F. Supp. at 791 (emphasis added) (granting severance under either Rule 21 or Rule 42(b)).

Accordingly, the Court should exercise its broad discretion to sever Plaintiffs' claims.[5]

## CONCLUSION

**WHEREFORE**, Defendant Becton, Dickinson and Company hereby requests that Plaintiffs' claims be severed and proceed as three individual actions.

                                Respectfully Submitted,

Dated: September 10, 2021        By: */s/ Lori G. Cohen*

                                Lori G. Cohen
                                Georgia Bar No. 174455
                                Sean P. Jessee
                                Georgia Bar No. 940342
                                **GREENBERG TRAURIG, LLP**
                                Terminus 200
                                3333 Piedmont Road NE, Suite 2500
                                Atlanta, GA 30305
                                Tel: (678) 553-2100
                                Fax: (678) 553-2212

                                Libretta Stennes
                                (*pro hac vice forthcoming*)
                                **GREENBERG TRAURIG, LLP**
                                90 South 7th Street, Suite 3500
                                Minneapolis, MN 55402

                                *Attorneys for Defendant*
                                *Becton, Dickinson and Company*

---

[5] BD reserves the right to move for separate trials as necessary and appropriate under Rule 42(b).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

<div style="text-align:right">

*/s/ Lori G. Cohen*
Lori G. Cohen

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September 2021, the foregoing Motion to Sever was filed electronically with the Clerk of Court using CM/ECF. I also certify that a copy of the foregoing is being served upon the following by United States mail, postage prepaid and email:

Charles C. Bailey
Sutton Connelly
**Cook & Connelly, LLC**
750 Piedmont Ave. NE
Atlanta, GA 30308

Benjamin H. Richman
Michael Ovca
**Edelson PC**
350 North LaSalle, 14th Floor
Chicago, IL 60654

*Attorneys for Plaintiffs*

Kindu A. Walker
WalkerK@LitchfieldCavo.com
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle, Suite 170
Atlanta, GA 30339

*Attorney for Defendants Wheat 9120 GP, LLC and Wheat 9120, LLC*

DATED:   September 10, 2021                         */s/ Lori G. Cohen*